(75 South. 64)

No. 22333.

STATE v. MURPHY.

(April 16, 1917.)

*(Syllabus by the Court.)*

CRIMINAL LAW ☞528—EVIDENCE—CONFESSIONS.

Where two persons are jointly indicted for breaking and entering in the nighttime and larceny with burglary, and one makes a confession implicating the other, but out of his presence, it is a fatal error to admit such confession in evidence against the person thereby implicated.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1002–1010.]

Appeal from Eighth Judicial District Court, Parish of Catahoula; S. R. Holstein, Judge.

Frank Murphy was convicted of breaking and entering a storehouse in the night with intent to steal, and larceny, accompanied with burglary, and he appeals. Conviction and sentence annulled, and cause remanded.

Thomas W. Perrin, of Jena, for appellant. A. V. Coco, Atty. Gen., and Wood H. Thompson, Dist. Atty., of Winnsboro (Vernon A. Coco, of Marksville, of counsel), for the State.

MONROE, C. J. Defendant, having been convicted of breaking and entering a storehouse in the night, with intent to steal, and larceny, accompanied with burglary, has appealed, but has made no appearance and is unrepresented in this court.

We find in the record three bills of exception; two which were reserved to the refusal of the court to grant a continuance or to grant time for the preparation of a motion for continuance, or of a motion for a temporary postponement of the cause, and which we deem it unnecessary to consider in view of the conclusion that we have reached as to the third bill, which reads as follows:

"Be it remembered that, on the trial of this case, the state placed on the stand witnesses (sic) I. A. Steele and asked him the question: 'Tell the jury all about the case,' whereupon the defendant objected for the reason that and on the ground that the witness might make illegal and prejudicial statements. The court having overruled defendant's request and objection, the defendant asked that the evidence be reduced to writing and made part of this bill, which was ordered done. The defendant then and there objected to the evidence of this witness on the grounds that the witness recited a confession of a codefendant of your mover who was not a party (sic) on the ground that a confession of a codefendant could not be used as evidence against any one but himself. The court overruled this objection to the said confession and evidence of the said witness. Defendant, through his counsel, objected and excepted to the court's ruling, and presents this bill of exception No. 3 to the district attorney for inspection and the court for signature.

"By the Court: These two defendants were arrested at the same time, and at the same time of their arrest being made * *. * the statement was made to the deputy sheriff and Mr. Steele. In order to be perfectly fair with the defendant, the court allowed the defendant to place witnesses on the stand who testified that McKinley Harris told them, while in jail, that Frank Murphy had nothing to do with the crime. The court heard all of the evidence, and was convinced that Frank Murphy was guilty as charged, and, for this reason, the court overruled defendant's plea for new trial and imposed the sentence that it did."

The bill is somewhat obscure, but considering it in connection with information otherwise disclosed by the record, we gather that defendant was first arrested and then Harris, upon the charge (to be thereafter made) of breaking and entering and stealing from the storehouse of I. A. Steele; that when Harris was arrested he made a confession in which he implicated defendant; that upon his confession he was convicted and sent to the penitentiary, where he was serving his term when defendant was placed

on trial; and that it was that confession, implicating defendant, to which Steele testified and to which defendant, through his counsel, objected.

In the brief filed on behalf of the state, it is said that Steele also testified that he was on the watch when the offense in question was committed, and that he saw defendant coming out of the store, followed him, found him in bed, and found property that had been taken from the store in the room, all of which we have no doubt is as the learned counsel say, but it has nothing to do with the question here presented for decision, which is, whether Steele's testimony as to what Harris told him about defendant's connection with the crime was admissible against defendant.

It is only fair to the counsel to say that they do not pretend that it was admissible. Their only contentions appear to be that defendant did not object in time, did not ask that the testimony be stricken out from the record, and waived his objection by placing witnesses on the stand who testified that Harris, when in jail, stated that he (defendant) had nothing to do with the crime.

The bill shows that the objection was made as soon as Steele was asked to tell what he knew about the crime, and again immediately upon his testifying to the confession, and on both occasions was overruled; and as the judge appears to have considered that his ruling was correct, a motion to strike out would have been of no avail. Moreover, if it had been made and granted, it would not have cured the trouble, for the testimony had been heard by the jury and it is not likely that they would have forgotten it. Nor does it affect the situation that defendant was allowed to put witnesses on the stand who testified that Harris afterwards said that he had nothing to do with the crime. The question here is not whether he could in that way attempt to impeach Harris, or get in testimony that might have been excluded on objection by the state, but whether the hearsay testimony admitted over his objection was properly admitted. Clearly it was not, and the error that was committed in that respect was fatal to the conviction. It is therefore ordered that the conviction and sentence appealed from be annulled, and the case remanded to be tried according to law.